```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :    S1: 20cr0052 (DLC)
                                          :
          -v-                             :    MEMORANDUM OPINION
                                          :         AND ORDER
TASHA BURNETT, a/k/a Dutchis,             :
                                          :
               Defendant.                 :
                                          :
-----------------------------------------X
```

DENISE COTE, District Judge:

On April 6, 2020, the defendant sought release on bail from the Metropolitan Correctional Center ("MCC") pursuant to 18 U.S.C. § 3142(i) on account of the COVID-19 pandemic. The Government opposes the defendant's release. The defendant's application for release on bail is denied.

The defendant, who is forty-four years old, has been indicted for violation of 21 U.S.C. § 846. In particular, she has been indicted for conspiring to distribute 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). She is facing a mandatory minimum term of imprisonment of five years. Because of her criminal history record, she is ineligible for safety-valve relief from this mandatory minimum sentence. See 18 U.S.C. § 3553(f)(1)(B). Trial is scheduled for November 2, 2020.

At her March 5 presentment, the Magistrate Judge ordered her detained, having found that a danger to the community would exist if she were released on bail. Nothing in the parties' submissions on this bail application casts doubt on that determination that the defendant's release from custody would pose a serious risk of danger to the community. The recorded communications constituting some of the Government's evidence against the defendant include evidence of her significant involvement in a drug organization selling substantial quantities of crack cocaine and of her repeated attempts to obtain a firearm.

The defendant, therefore, makes this application pursuant to Section 3142(i). That section provides that a

> judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).

The defendant requests that she be released to home confinement and suggests that the appropriate person into whose custody she could be released is her godmother. Counsel explains that her godmother once worked as a nurse's aide in hospitals. He provides no further details to explain how the godmother would be able to provide the

2

control over the defendant that is necessary to protect the community.

In addition, the defendant has not shown a compelling reason for her release. Other than a need for treatment for her knee because of a recent fall, defense counsel has not pointed to any other health problem from which the defendant currently suffers. In addition, the defendant has not shown that her release would lessen the risk to her health presented by COVID-19. The defendant's request for release pending her November 2 trial, therefore, is denied.

Dated: New York, New York
April 9, 2020

_____
DENISE COTE
United States District Judge